**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0767n.06

**No. 10-2072**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Nov 15, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| Compressor Engineering Corporation, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| Manufacturers Financial, Charity Marketing LLC, | ) | DISTRICT OF MICHIGAN |
| and Richard K. Stephens, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: GILMAN, ROGERS, and STRANCH, Circuit Judges.

ROGERS, Circuit Judge.    This is an appeal from the district court's dismissal for lack of

subject matter jurisdiction.  Compressor Engineering Corporation brought a claim in federal court

under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(3), which provides

for a private right of action in state court.  Intervening precedent from this court compels the

conclusion that there was federal-question jurisdiction in this case.

Compressor Engineering Corporation brought suit in federal court after defendants

Manufacturers Financial Corporation and Charity Marketing LLC allegedly sent unsolicited

facsimile advertisements to Compressor Engineering and at least 39 others.  Compressor Engineering

did not have an established business relationship with either defendant, and did not give either

defendant permission to send Compressor Engineering advertisements by fax.  There is no diversity

of citizenship between the parties.  Compressor Engineering argued that the district court had

jurisdiction under 28 U.S.C. § 1331 and the TCPA, a federal statute. The district court followed the vast majority of federal courts to address this question, as well as an unpublished opinion from this court, *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.,* No. 04-3216, 2004 WL 3239533 (6th Cir. Dec. 16, 2004), to hold that the TCPA is not a sufficient basis for federal-question jurisdiction.

In a recent published opinion, this court decided squarely that a "district court ha[s] federal-question jurisdiction over the claims under the Telephone Act[.]" *Charvat v. EchoStar Satellite*, *LLC*, 630 F.3d 459, 463 (6th Cir. 2010), *Charvat* controls the resolution of this appeal, and no other issues are presented.

We therefore REVERSE and REMAND to the district court for further proceedings.